James P. Segall-Gutierrez, Esq., CA Bar: 240439
LAW OFFICES OF JAMES P. SEGALL-GUTIERREZ
6709 Greenleaf Avenue, Suite 202
Whittier, California 90601
Telephone (562)321-5950
Facsimile (562)907-3791
jpsglaw@gmail.com

Attorney for Plaintiffs
HECTOR ALAMILLO and ESPERANZA ALAMILLO

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ALAMILLO; ESPERANZA ALAMILLO,<br><br>           Plaintiffs,<br>v.<br><br>COUNTY OF VENTURA; VENTURA COUNTY SHERIFF'S DEPARTMENT (VCSD); VCSD DEPUTY SCHIERMAN, VCSD DEPUTY MALAGON; VCSD DEPUTY MEDINA; VCSD DEPUTY D. MCLAUGHLIN DOES 1 THROUGH 10, INCLUSIVE,<br><br>           Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. Negligence<br>2. Negligent Infliction of Emotional Distress<br>3. Intentional Infliction of Emotional Distress<br>4. Conversion<br>5. Trespass to Land<br>6. Trespass to Chattels<br>7. **Violation of Fourth Amendment Rights - Title 42 U.S.C. §1983** |

COMES NOW; HECTOR ALAMILLO and ESPERANZA ALAMILLO (hereinafter "PLAINTIFFS"), who allege as follows:

**PARTIES**

1.     PLAINTIFFS at all times material herein, were adult citizens residing in Ventura County,

California within the jurisdiction of the United States District Court Central District of California of the State of California.

2. At all times material herein, Defendant, County of Ventura (hereinafter "COUNTY"), was a governmental entity organized under the laws of the State of California.

3. At all times material herein, Defendant Ventura County Sherriff's Department (hereinafter "SHERIFF"), was a public entity responsible for providing law enforcement for Defendant COUNTY, including hiring, supervising, training, and managing local sheriff deputies.

4. At all times mentioned herein, Defendant SHERIFF was responsible for overseeing the operation, management, and supervision of its personnel and is liable for the negligent and reckless acts of all employees, personnel, and entities.

5. In committing the acts and/or omissions alleged herein, all Defendants acted under color of authority and/or color of law.

6. At all times material herein, Defendant SHERIFF Deputy Shierman, I.D. No. 2347, (hereinafter "SHIERMAN") was an adult citizen residing in the County of Ventura, State of California and acting as a duly appointed sheriff's deputy employed by Defendant COUNTY. He is being sued individually and in his official capacity as a sheriff's deputy for COUNTY.

7. At all times material herein, Defendant SHERIFF Deputy Malagon, I.D. No. 3919, (hereinafter "MALAGON") was an adult citizen residing in the County of Ventura State of California and acting as a duly appointed sheriff's deputy employed by Defendant COUNTY. He is being sued individually and in his official capacity as a sheriff's deputy for COUNTY.

8. At all times material herein, Defendant SHERIFF Deputy Medina, I.D. No. 3580, (hereinafter "MEDINA") was an adult citizen residing in the County of Ventura, State of California and acting as a duly appointed sheriff's deputy employed by Defendant COUNTY. He is being sued individually and in his official capacity as a sheriff's deputy for COUNTY.

9.      At all times material herein, Defendant SHERIFF Deputy McLaughlin, I.D. No. 4579, (hereinafter "MCLAUGHLIN") was an adult citizen residing in the County of Ventura, State of California and acting as a duly appointed sheriff's deputy employed by Defendant COUNTY. He is being sued individually and in his official capacity as a sheriff's deputy for COUNTY.

10.     PLAINTIFFS are ignorant of the true names and capacities of the Defendants identified as DOES 1 THROUGH 100 (hereinafter "DOES"), inclusive, and sues these Defendants by such fictitious names under California Code of Civil Procedure §474. PLAINTIFFS will amend this complaint and add the true names of these Defendants when ascertained. SHIERMAN, MALAGON, MEDINA, MCLAUGHLIN, and DOES, hereinafter, collectively will be addressed as "DEPUTIES".

11.     PLAINTIFF is informed and believes and, based upon such information and belief, alleges that DEPUTIES, were acting as the agents and/or employees of Defendants COUNTY and SHERIFF, and in doing the acts alleged herein, were acting within the course and scope of such employment or agency.

12.     PLAINTIFFS are informed and believe that each Defendant sued herein was responsible in some manner for the events as hereinafter described, and proximately caused injuries and damages to PLAINTIFFS.

## JURISDICTION AND VENUE

13.     The acts as alleged herein occurred at 794 Foothill Road, in the City of Santa Paula, County of Ventura, State of California.

14.     United States District Court Central District of California of the State of California is the proper jurisdiction for this matter.

15.     PLAINTIFFS now file this action with the United States District Court Central District of California of the State of California.

-3-

## FACTUAL ALLEGATIONS

16.    On April 25, 2014, Judge Kevin McGee appears, but it is unconfirmed if he did so, issued a warrant and was executed on April 30, 2014 at defendants' home at 794 Foothill Road, Santa Paula, California, 93060, by DEPUTIES of the Ventura County Sheriff's Office, including, but not limited to, SHIERMAN, MALAGON, MEDINA, and MCLAUGHLIN.

17.    MCLAUGHLIN did in fact leave a receipt detailing a partial list of property that was seized. The receipt listed the following items as seized property: Pistol, Titan .25 Caliber 1302585, backpack with miscellaneous ammunition and two magazines, Miscellaneous ammunition, Miscellaneous paperwork, Pistol, M. Zulaica & Co. Fiber 11153, Revolver, Smith and Wesson. .357, a Plastic Baggie, a Digital Scale, and Cash in the amount of $3700.

18.    However, the complete list of items seized was NOT reported by MCLAUGLIN (No. 4579), nor any of the other DEPUTIES that entered into Defendants home on the date of the warrant execution. There are also several items that were also seized which were not listed in the receipt. Those non-reported items are listed here: $3,780. Also not reported in the receipt of seizure were: Wedding Rings (2), Miscellaneous jewelry (Up to 10 pieces), and vacation tickets to Las Vegas, Nevada.

19.    PLAINTIFFS, in an attempt to have the seized property returned, filed a Motion to Return Property with the Superior Court of California. PLAINTIFFS' motion was denied.

20.    PLAINTIFFS remain shocked to the core as to the entry of the officers into their home, the destruction and damage to the entry point of the officers, the complete mess created by the officers as they sifted through every single drawer, boxes and laundry in search possibly, for items that were not in plain sight. This includes the entry into PLAINTIFFS bedroom closet, and destruction of their private locked safe box. The destruction and damage of the entry point

among other damages, such as forced entry into PLAINTIFFS' private fireproof safe box, has now caused PLAINTIFFS home to remain insecure due to their inability to lock the door and general fear that the Ventura County Sheriff's DEPUTIES or detectives may return and re-enter into their home again, without and explicit probable cause made know to them.

21.    PLAINTIFFS remain completely unaware what charges and to whom the charges being leveled against, or the cause that gave rise to the issuance of the warrant. PLAINTIFFS remain in fear, every day and night since the April 30, 2014 search that was executed while they were not at home. PLAINTIFFS also have suffered economically due to the personal savings money that was seized from the locked safe box that was in their private bedroom closet. The total amount that was seized was $7,480, though only $3,700 was reported on the receipt left behind by DEPUTIES at the Defendants' home.

22.    PLAINTIFF has fully complied with California Government Code Sections 910 *et seq.* by timely filing claim for damages with COUNTY and, subsequent to COUNTY's rejection of said claim, now PLAINTIFFS are timely filing this lawsuit.

### *FIRST CAUSE OF ACTION*
### *Negligence*
### *(As to all DEFENDANTS)*

23.    PLAINTIFFS re-allege paragraphs 1-22 as though set forth herein *verbatim*.

24.    PLAINTIFFS were subjected to use of unnecessary and unreasonable destruction and loss of property by DEPUTIES. Said DEPUTIES were *negligent* in the performance of their tactics and duties and this negligence caused PLAINTIFFS damages. DEPUTIES had a duty to comply and failed to comply with COUNTY standards and such conduct fell below the standard of care for reasonable sheriff deputies, and this breach of duty caused the injuries and damages alleged herein.

25. Pursuant to the doctrine of respondeat superior, Defendant COUNTY is liable for the misconduct of the individual DEPUTIES which was committed while they were acting in the course and scope of their employment pursuant to Cal. Gov't Code § 815.2.

## SECOND CASUE OF ACTION
### Negligent Infliction of Emotional Distress
### (As to all DEFENDANTS)

26. PLAINTIFFS re-allege paragraphs 1-25 as though set forth herein *verbatim*.

27. PLAINTIFFS invoke the supplemental jurisdiction of this Court to hear and determine this claim.

28. On April 30, 2014, DEPUTIES entered the property of Plaintiffs and they seized items from their home. In the process of searching through PLAINTIFFS' home, the DEPUTIES ransacked and also caused damage to their home. Defendants' conduct as to the search and seizure was *negligent* and careless, and has also resulted in the causing a severe and traumatic effect on the PLAINTIFFS' emotional tranquility. DEPUTIES abused their power as law enforcement and used their power and position to damage, and their negligence and carelessness harmed PLAINTIFFS and causing severe emotional distress. PLAINITIFFS have suffered anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation and shame as a result of DEFENDANTS' actions. This distress was further exacerbated by COUNTY failing to return the property seized and rejecting PLAINTIFFS' claim for damages.

## THIRD CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (As to all DEFENDANTS)

29. PLAINTIFFS re-allege paragraphs 1 through 28 as though set forth herein *verbatim*.

30. PLAINTIFFS invoke the supplemental jurisdiction of this Court to hear and determine this claim.

-6-

31. On April 30, 2014, DEPUTIES entered the property of Plaintiffs and they seized items from their home. In the process of searching through PLAINTIFFS' home, the DEPUTIES ransacked and also caused damage to their property and home. Defendants' conduct as to the search and seizure was *intentional*, intrusive and outrageous. As a direct and proximate result of the forgoing, PLANTIFFS suffered severe mental, emotional and physical distress and are entitled to and demand against Defendants, jointly and severally, including, but not limited to compensatory, general, special, punitive damages and attorney's fees.

32. As a direct and proximate result of the forgoing, PLAINTIFFS suffered severe mental, emotional and physical distress and are entitled to and demand against DEFENDANTS, jointly and severally, including, but not limited to compensatory, general, special, punitive damages and attorney's fees.

### *FOURTH CAUSE OF ACTION*
### *Conversion*
### *(As to all DEFENDANTS)*

33. PLAINTIFFS re-allege paragraphs 1 through 32 as though set forth herein *verbatim*.

34. PLAINTIFFS invoke the supplemental jurisdiction of this Court to hear and determine this claim.

35. PLAINTIFFS owned or possessed the above property and items, and DEFENDANTS intentionally and substantially interfered with PLAINTIFFS' property by taking the above listed items, and have systematically prevented PLAINTIFFS from having access to said property. PLAINTIFFS, believe and thereupon also allege that said property, may have now been destroyed or disappeared, and or DEFENDANTS have refused to return it, even after PLAINTIFFS have formerly requested or demanded its return. PLAINTIFFS did not consent, and they have suffered harm, both psychological and physical harm, as well as economic harm. DEFENDANTS conduct was a substantial factor in the cause of said harm to PLAINTIFFS.

## FIFTH CAUSE OF ACTION
### Trespass to Land
### (As to all DEFENDANTS)

36. PLAINTIFFS re-allege paragraphs 1 through 35 as though set forth herein *verbatim*.

37. PLAINTIFFS invoke the supplemental jurisdiction of this Court to hear and determine this claim.

38. PLAINTIFFS are owners of the property, located at 794 Foothill Road, Santa Paula, California, 93060, in Ventura County. DEFENDANTS entered said property, without permission from PLAINTIFF, and in doing so; PLANTIFF was actually harmed, as stated but not limited to the forms as outlined above. DEFENDANTS entry and subsequent damages to and loss of property, was the main substantial factor in causing PLAINTIFFS' harm.

## FIFTH CAUSE OF ACTION
### Trespass to Chattels
### (As to all DEFENDANTS)

39. PLAINTIFFS re-allege paragraphs 1 through 38 as though set forth herein *verbatim*.

40. PLAINTIFFS invoke the supplemental jurisdiction of this Court to hear and determine this claim.

41. PLAINTIFFS are owners of the property, located at 794 Foothill Road, Santa Paula, California, 93060, in Ventura County. DEFENDANTS wrongfully trespassed onto PLAINTIFFS' personal property. DEFENDANTS intentionally damaged the above listed property. PLAINTIFF did not consent, and PLAINTIFF was harmed. DEFENDANTS conduct was the substantial factor in causing such harm. PLAINTIFFS have been dispossessed of their chattel, some of the chattel has been impaired as to its condition, quality and value. PLAINTIFFS have been deprived of the use of their chattel for a substantial period of time.

## SEVENTH CAUSE OF ACTION
### Violation of the Fourth Amendment
### Title 42 U.S.C. §1983

**(As all DEFEDNANTS)**

42. PLAINTIFFS re-allege paragraphs 1 through 41 as though set forth herein *verbatim*.

43. PLAINTIFFS claim that DEFENDANTS have violated their civil rights by intentionally interfering with their right to be free from unreasonable search and seizure, and that DEFENDANTS have committed violent acts by entering onto PLAINTIFFS property and physically destroying the entryway to their home. DEFENDANTS damaged other property within the confines of their home, as well as disappearing several thousand dollars, and such damages have prohibited PLAINTIFFS from enjoying, in peace, their property without having to live in fear of such violent trespassing and destruction of their home. PLAINTIFFS have been harmed and now live daily suffering from anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation and shame as a result of DEFENDANTS' actions.

44. The aforesaid acts of defendants were done under the color of law and within the scope of their employment under COUNTY, acts done with malice and each of them violated PLAINTIFF's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

45. PLAINTIFF was caused injury, damage, and harm in an amount according to proof due to the conduct of the defendants.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF requests relief as follows:

    1. For general damages according to proof;

    2. For special damages according to proof;

    3. For prejudgment interest according to proof;

    4. For reasonable attorneys' fees pursuant to California Civil Code § 52.1, and any

other applicable provision;

5. For punitive damages pursuant to California Civil Code § 3294, and any other applicable provision in an amount sufficient to deter and make an example of said defendants; and

6. For such further relief which is just and proper.

DATED: April 29, 2016

## JURY DEMAND

PLAINTIFFS demand trial by jury in this action.

DATED: April 29, 2016

By_____
JAMES P. SEGALL-GUTIERREZ, Attorney for
PLAINTIFFS HECTOR ALAMILLO AND
ESPERANZA ALAMILLO